# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 94-CR-81259-1

FREDERICK IRVIN,

    Defendant.
                                               /

**OPINION AND ORDER CONSTRUING THE "MOTION FOR
RELIEF PURSUANT TO FED. R. CIV. P. 60(b)" AS A SUCCESSIVE
PETITION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2255 AND
TRANSFERRING THE PETITION TO THE COURT OF APPEALS**

Pending before the court is Defendant Frederick Irvin's May 19, 2008 motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). In his motion, Irvin seeks relief from the court's order of May 2, 2000, which denied his habeas corpus petition filed under 28 U.S.C. § 2255. For the reasons set forth below, the court will interpret the motion as a successive petition for habeas corpus and transfer it to the court of appeals.

## I. BACKGROUND

Pursuant to a Federal Rule of Criminal Procedure 11 plea agreement, Irvin pled guilty on December 16, 1994 to a conspiracy charge and a charge of carrying a firearm in relation to a drug conspiracy. On July 6, 1995, he was sentenced to forty years imprisonment on the conspiracy charge, and a consecutive sentence of five years on the firearms charge. On appeal, Irvin argued that the district court erred in its upward adjustment of his sentence for his role in the conspiracy and in sentencing him based

on guidelines for crack cocaine, rather than powdered cocaine. Irvin also claimed that he should have been permitted to withdraw his guilty plea on the firearms charge in light of *Bailey v. United States*, 516 U.S. 137 (1995). His conviction and sentence were upheld in all respects on appeal. *United States v. Irvin*, Nos. 95-1823, 95-1895, 1997 WL 49130 (6th Cir., Feb. 5, 1997). The Sixth Circuit issued its mandate on February 27, 1997, and Irvin did not petition the Supreme Court for a writ of certiorari.

On July 2, 1996, the Government filed a motion pursuant to Federal Rule of Criminal Procedure 35 to reduce Irvin's sentence because of his assistance and cooperation in the investigation of other drug crimes. At the government's request, the motion was held in abeyance until the completion of Irvin's appeal. After two amendments by the Government to the motion, the court granted the Rule 35 motion and entered an amended judgment on February 18, 1998 that reduced Irvin's sentence on the conspiracy charge from 480 to 216 months.

On November 4, 1999, Irvin filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Irvin made the following claims:

> (1) his Rule 11 plea agreement was involuntary because the court misinformed him of the elements the Government must prove to obtain a conviction on the firearm count,
>
> (2) the Government violated the Rule 11 plea agreement by recommending an enhancement, which, though withdrawn, "tainted" the court's determination and caused it to add points to the sentencing calculation when it otherwise would not have,
>
> (3) the Government failed to file a pre-sentencing motion for downward departure and instead utilized a subsequent Rule 35 motion,
>
> (4) the Government's Rule 35 recommendation violated the Rule 11 plea agreement by using discretionary instead of mandatory language and

2

(5) the disparity between the Defendant's and his co-defendants' sentences violated the due process clause.

The court denied Irvin's motion, ruling that claims (1) and (2) were time-barred under 28 U.S.C. § 2255, Irvin waived claims (3) and (4) under the Rule 11 agreement and suffered no prejudice from the Government's discretion and claim (5) was not cognizable. (5/2/2000 Order.)

Irvin now moves for relief under Federal Rule of Civil Procedure 60(b)(5-6) from the court's order denying his 28 U.S.C. § 2255 motion. First, Irvin claims that he should have been entitled to equitable tolling and that the court erred in ruling that his claims were time-barred. Second, Irvin claims that the court erred in misinforming him of the elements the government must prove to obtain a conviction under the firearm statute.

## II. STANDARD

Rule 60(b) provides for relief from a judgment or order. The parts of Rule 60(b) implicated by Irvin's motion read as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time . . . .

Fed. R. Civ. P. 60(b). The Supreme Court has ruled that the movant must show "extraordinary circumstances" to justify relief and reopening of judgment for any motion under Rule 60(b)(6). *Ackermann v. United States*, 340 U.S. 193, 199 (1950).

The purpose of Rule 60(b) "is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."

3

*Charter Twp. Of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002). There is a strong public policy favoring the finality of court judgments; consequently, Rule 60(b) motions are frequently limited by the public's interest in the termination of litigation. *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Although Rule 60(b) provides an avenue for relief from judgment, in habeas corpus proceedings a petitioner is barred from filing second or successive habeas petitions unless he can meet certain stringent requirements. 28 U.S.C. § 2244(b). The Supreme Court in *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005), determined that a Rule 60(b) motion qualifies as a second or successive habeas petition if it seeks to advance one or more substantive claims that were presented in a previous habeas application. A Rule 60(b) motion is also disqualified if it introduces new claims that were not presented in the previous habeas petition unless "it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Id.* at 530. On the other hand, a Rule 60(b) motion is *not* a second or successive habeas petition if the "motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532.

### III. DISCUSSION

Although Irvin purports to file under Rule 60(b), the motion is more properly labeled a successive habeas petition under 28 U.S.C. § 2255. First, Irvin claims that he should have been entitled to equitable tolling and that the court erred in ruling that his claims were time-barred. (Pet.'s Mot. at 3-7.) Irvin asserts that the Government exerted

external control over him that prevented his timely filing of his original § 2255 motion. In support of his claim that external factors beyond his control persisted during habeas proceedings, Irvin notes that the Government (1) had him on writ to testify in various proceedings, (2) had a motion held in abeyance which allowed it to continuously seek information from him and (3) continued to jail him. (*Id.* at 4-5.) He also seems to suggest that his various transfers between jails in 1998 may have constituted an extraordinary circumstance beyond his control. (*Id.* at 5-6.) Irvin finally asserts that he used due diligence in filing his § 2255 motion within one year of the court's amended judgment ruling on February 18, 1998, suggesting that this date should control the statute of limitations. (*Id.* at 7.) In the original habeas proceedings, the court ruled that his November 4, 1998 filing exceeded the one-year statute of limitations because his conviction became final on May 27, 1997. (5/2/2000 Order at 4-5.)

The issues surrounding the timing of Irvin's first § 2255 petition were previously briefed by both Irvin and the Government. Irvin failed to raise the doctrine of equitable tolling in any of his earlier briefs, although nothing prevented him from doing so. His current arguments were available at the time of his first habeas petition. In raising the issue now, nearly ten years later, Irvin does not rely on either a new and retroactive rule of constitutional law or new facts showing a high probability of innocence. Under *Gonzalez*, therefore, the court must transfer Irvin's petition to the Sixth Circuit.

In responding to the Government's argument during his original habeas proceeding that his claims were time-barred, Irvin argued that the statute of limitations began to run on February 18, 1998, the date his amended judgment was entered. (4/21/1998 Br. at 2-3.) Irvin raises an identical argument in his instant motion, which

this court rejected. (5/2/2000 Order, 4-5.) He attacks the substance of the court's order but fails to identify any procedural defects or irregularities that would raise concerns about the integrity of the habeas proceedings.

Second, Irvin claims that the court made a mistake of law and fact by misinforming him of the elements the Government had to prove to obtain a conviction under the firearm statute. (Pet.'s Mot. at 8-9.) Irvin's argument is based on the Supreme Court's interpretation of the statute's "use" element in *Bailey*, 516 U.S. 137. (*Id.*) He also contends that the Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), makes *Bailey* apply retroactively such that he could collaterally challenge his guilty plea on the firearm charge. (*Id.* at 9.)

Irvin's claim is identical to claims previously raised and rejected in this court and on appeal. Irvin included this issue in his 1997 appeal, but the Sixth Circuit held that *Bailey* did not apply because Irvin was convicted under the "carry" prong of the firearm statute, not the "use" prong. *Irvin*, 1997 WL 49130, at *5. Irvin also brought the *Bailey* argument before this court in his original § 2255 habeas petition. (11/4/1998 Pet.'s Mot. at 12.) Most recently, Irvin relied on *Bailey* and his theory of collateral review in his motion before the Sixth Circuit for leave to file a second or successive habeas petition. *In re Frederick Irvin*, No. 07-1280, at 2 (6th Cir. July 31, 2007). The court denied his motion and rejected his reproduced legal theory:

> Irvin fails to satisfy the criteria for filing a second or successive motion to vacate. Even assuming that *Bailey* is a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, it was rendered in the year Irvin was convicted. Thus, Irvin could have raised this claim on direct appeal or in his initial motion to vacate and he in fact did.

*Id*.

6

Irvin's instant claim is identical to his previous *Bailey* challenges. Irvin advances a legal theory that was already rejected in his direct appeal, previous habeas petition and motion for leave to file a successive petition. Furthermore, Irvin's newest *Bailey* claim raises no new issues of law or fact. Irvin does not suggest that there were any procedural defects or irregularities in the prior habeas proceedings.

For the foregoing reasons, Irvin's Rule 60(b) motion must be treated as a successive habeas petition. This court must therefore transfer the petition to the Sixth Circuit. "[F]ederal prisoners seeking to file a second or successive motion attacking a sentence under § 2255 must request from the court of appeals an order authorizing the district court to entertain the second or successive request." *In re Sims* 111 F.3d 45, 46 (6th Cir. 1997) (citing 28 U.S.C. §2244(b)(3); *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). Accordingly, Irvin must first seek permission from the Sixth Circuit before such a § 2255 motion can be presented to this court. Pursuant to 28 U.S.C. § 1631, the court will transfer Irvin's petition to the circuit court for authorization. *See Sims*, 111 F.3d at 47.

## VI. CONCLUSION

IT IS ORDERED that the "Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)" [Dkt #1096] shall be TRANSFERRED to the U.S. Court of Appeals for the Sixth Circuit for a determination of whether certification should issue pursuant to 28 U.S.C. § 2255.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 25, 2008, by electronic and/or ordinary mail.

                                                   s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\94-81259.IRVIN.TransferRule60(b)asSuccessiveHabeas.wpd

8