**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 94-CR-81259-1

FREDERICK IRVIN,

    Defendant.
                                                     /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**

Pending before the court is Defendant Frederick Irvin's August 22, 2008 motion for reconsideration. The court has reviewed the motion and determines that a hearing and a response are unnecessary. *See* E.D. Mich. LR 7.1(g)(2). The court will deny the motion.

Defendant seeks reconsideration of the court's July 25, 2008 order interpreting his May 19, 2008 motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) as a successive petition for habeas corpus and transferring it to the court of appeals. Defendant's motion is untimely as it was filed well-past the ten-day time limit imposed by Eastern District of Michigan Local Rule 7.1(g)(1). Because Defendant provides no excuse for his failure to timely file a motion for reconsideration, the court will deny it as untimely.

Moreover, even if he had timely filed his motion, it would be denied on the merits. Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the

court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

In Defendant's motion for reconsideration, he does not identify a palpable defect, the correction of which would result in a different disposition of his Rule 60 motion. In the court's July 25, 2008 order, it found that Defendant's Rule 60(b) motion must be treated as a successive habeas petition and transferred the petition to the Sixth Circuit. Defendant argues that, in making this determination, the court mischaracterized his claims. This assertion, even if accepted, only identifies a possible defect in the court's order. It does not persuasively establish that correcting this defect would result in a different disposition of his Rule 60 motion.

The fundamental holding of the court's July 25, 2008 order is that Defendant's Rule 60(b) motion qualifies as a second or successive habeas petition because it seeks to advance one or more substantive claims that were presented in a previous habeas application and did not rely on "a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez v. Crosby,* 545 U.S. 524, 530. The court also found that Defendant's motion did not attack the integrity of the federal habeas proceedings. The court therefore found that it must treat

Defendant's Rule 60(b) motion as a successive habeas petition and transfer it to the Sixth Circuit. Although his motion for reconsideration takes issue with the court's characterization of his claims, Defendant does not show how recharacterizing these claims would result in the a different disposition of his Rule 60 motion. Whichever way Defendant's claims are labeled, Defendant's Rule 60 motion attacks the substance of the court's prior habeas decision, not the integrity of the proceedings. Defendant has failed to establish that he is entitled to relief under E.D. Mich. LR 7.1(g)(3) or under Fed. R. Civ. P. 60(b).[1]

---

[1] Rule 60 provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Accordingly, IT IS ORDERED that Defendant's motion for reconsideration [Dkt. # 1104] is DENIED.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated: November 7, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 7, 2008, by electronic and/or ordinary mail.

      S/Lisa G. Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522.

S:\Cleland\JUDGE'S DESK\C3 ORDERS\94-81259.IRVIN.Reconsideration.chd.wpd

4