**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 94-CR-81259-1

FREDERICK IRVIN,

    Defendant.
                                                      /

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DEFER PAYMENTS**

On October 14, 2010, Defendant Frederick Irvin filed a "Motion to Defer Payments." The matter has been fully briefed, and the court finds a hearing to be unnecessary. E.D. Mich. LR(f)(2). For the reasons stated below, the court will deny the motion.

On July 6, 1995, this court sentenced Defendant to forty-five years of imprisonment followed by ten years of supervised release.[1] Defendant was also ordered to pay a $15,000 fine. Defendant has been making payments toward his fine through the Bureau of Prisons Inmate Financial Responsibility Program ("IFRP") since November 1999. At the time that the Government filed its response, Defendant had paid $1,889.34 toward his fine through the IFRP. Between November 1999 and May 2010, Defendant made payments at the rate of approximately $25 per quarter. Beginning earlier this year, Defendant's payments were adjusted to $50 per month.

---

[1] Defendant's sentence was later reduced pursuant to a Rule 35 motion to 276 months imprisonment.

According to the Government, if Defendant maintains his current work assignment until his projected release date (currently, December 2014), Defendant would earn an additional $2,450 that could be applied toward his fine. At the time Defendant was sentenced, the relevant statute limited his obligation to pay the fine to twenty years from the date of sentencing. *See* 18 U.S.C. § 3613(b). Thus, unless circumstances somehow change, Defendant's obligation to pay the fine will expire on July 6, 2015, only about seven months after his expected release date.

In Defendant's motion, he asks the court to order that his payments be deferred until he is on supervised release. Alternatively, he asks that the court restrict his payments to only $25 per quarter. Defendant argues that he is unable to continue to make payments at the current imposed rate and his inability will negatively impact his ability to participate in certain Bureau of Prisons' programs, particularly his ability to serve time in a re-entry facility upon release from prison. Moreover, Defendant asserts that the current rate of payment will restrict his ability to successfully reintegrate into the community.

Title 18 U.S.C. § 3573 provides that the Government may petition for a recission or modification of a fine or the terms of repayment of a fine. "By its own terms, § 3573 applies strictly to the government and not to defendants." *United States v. Mays*, 13 F. App'x 283, 283 (6th Cir. 2001) (citing *United States v. Linker*, 920 F.2d 1, 2 (7th Cir. 1990)). "Section 3573 'severely hampers the court's ability to leave itself a safety valve' because the court does not have the authority to modify the fine in the future based on new information.'" *Id.* (quoting *United States v. Seale*, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994)). Even if the court had the authority to grant Defendant his requested relief, the

court is not persuaded that such relief is warranted here. While the court appreciates the difficult circumstances described by Defendant, the court perceives Defendant's circumstances to be vastly similar to those faced by the majority of convicted felons in repaying their fines while incarcerated. The fact of the matter is that part of Defendant's sentence was the imposition of a $15,000 fine, the majority of which remains unpaid and will likely remain unpaid. Defendant does not challenge the legality of the fine, or the amount of the fine, itself, but rather asks for a delay in paying the fine. But because, upon release, Defendant will have only seven months to repay the fine before it statutorily expires, a delay in payment in reality simply reduces his obligation to repay. The court finds that neither a delay in payment, nor a reduction in payment, is warranted based on the reasons provided by Defendant. Accordingly,

IT IS ORDERED that Defendant's motion to defer payments [Dkt. # 1140] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 7, 2010, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\94-81259.IRVIN.DeferPayments.wpd