**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 94-81259

FREDERICK IRVIN,

    Defendant.
                                                  /

**NOTICE OF RESENTENCING HEARING**

The parties submitted a "Stipulation of Amended Judgment," which the court observed to be insufficiently helpful in resolving the questions pertaining to sentence reduction pursuant to the Sixth Circuit's opinion, which noted that the Defendant was *eligible* for a sentencing reduction, but further stated that the court must next determine "through application of the § 3553(a) factors whether a sentencing reduction is warranted." *United States v. Irvin*, No. 13-1496 (6th Cir. May 30, 2014) (slip op. at 5).

Now the parties have submitted a "Stipulated Position Statement Regarding Reduction of Defendant's Sentence," which the court finds, again, to be insufficient.

First, the Position Statement states that the defendant's guideline range has been reduced by four levels. The original Offense Level was 42 / III (360 months - life). The Position Statement is not specific, but it presumably contemplates a four level reduction to Offense Level 38 / III (292 months - 365 months).

Second, The Position Statement holds that if a "proportional reduction under USSG 1B12.10(b)(2)(B)" and a 60-month consecutive sentence under 18 USC §924(c)

were imposed, Defendant would have by now served more than the minimum guideline sentence.

There is, unfortunately, no explanation of the basis for the imposition of a "proportional reduction." The court recognizes that the Court of Appeals used the same phrase while citing USSG §1B1.10(b)(2)(B), a provision that states that "a *comparable* reduction *may* be appropriate" (emphasis added).[1] It seems to be the propriety and extent of just such a (b)(2)(B) reduction that is in need of explanation and analysis. The parties' presentations thus far seem to avoid the question, and assume that a comparable (or "proportionate") reduction *must* —rather than *may*— be awarded.

The court requires more details on this point: how and to what extent, should the 3553 factors inform the court about the propriety of a re-sentencing; that is, how, specifically, do the parties take a guideline range of 292 months - 365 months to arrive at a computation of time served? In an effort to conserve resources, the court will not request another round of briefing, but will conduct a dialog on these matters on the record. Accordingly,

IT IS ORDERED that both parties shall appear for a resentencing hearing on **June 27, 2014 at 9:00 am.**

                               s/Robert H. Cleland
                               ROBERT H. CLELAND
                               UNITED STATES DISTRICT JUDGE

Dated: June 20, 2014

---

[1] The court also observes that the Court of Appeals introduces the concept in terms of the defendant being "entitled" to a "proportionate reduction." There is no citation for the proposition of entitlement, and court is not aware of any. The Court of Appeals, in any event, ultimately handed the case back noting only that the Defendant is "eligible" for a reduction, and tasks this court to determine "*whether* a sentencing reduction is warranted." Slip Opn. At 5. (emphasis added).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 20, 2014, by electronic and/or ordinary mail.

                                                     s/Lisa Wagner
                                                    Case Manager and Deputy Clerk
                                                    (313) 234-5522